Sherry J. THOMAS, Plaintiff–
Appellant,

v.

CHRYSLER FINANCIAL, LLC,
Defendant–Appellee.

No. 03–3540.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 14, 2004.

Armand L. Andry, Oak Park, IL, for
Plaintiff–Appellant.

Jane M. McFetridge, Fisher & Phillips,
Chicago, IL, for Defendant–Appellee.

Before Hon. JOHN L. COFFEY, Hon.
KENNETH F. RIPPLE, and Hon.
MICHAEL S. KANNE, Circuit Judges.

**ORDER**

Sherry Thomas brought this suit under
Title VII against Chrysler Financial, LLC,
the financing arm of the auto manufactur-
er, alleging that the company refused to
promote her due to her race and age. The
district court concluded that she could not
make out a *prima facie* case on her claim,
and granted summary judgment to Chrys-
ler. On appeal, Thomas challenges this
conclusion as well as the district court's

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

refusal to extend the deadline for her to conduct discovery. We affirm.

Thomas, an African–American female, held a number of positions at Chrysler over a six-year period. In 2001 a corporate reorganization resulted in the transfer of a number of Chicago-area jobs to Philadelphia. Thomas learned that her position as a Customer Service Supervisor, which she had held for approximately one month, would be among those affected. Rather than transferring to Pennsylvania, Thomas applied for a number of other opportunities in Chrysler's Chicago operations, including a "Credit Analyst" position. The internal job posting stated that some experience as a Customer Service Supervisor was required, but did not specify the amount. Thomas interviewed for the Credit Analyst position but was rejected for having too little experience; the Chicago zone manager, Ben Boggs, required Customer Service Supervisors to have one year of experience before they could become Credit Analysts. The company promoted two white Customer Service Supervisors, each with a year's supervisory experience, to Credit Analysts. Thomas continued to work for the company, winding up affairs in the Customer Service department, but eventually resigned eight months after applying for the Credit Analyst position.

Thomas sued Chrysler, alleging that racial and age bias motivated the company to refuse to promote her, but conducted little or no discovery during the discovery period set by the court. After receiving two extensions, Thomas sought a third extension in order to obtain depositions of parties in a newly filed lawsuit concerning Chrysler's alleged use of racially biased lending practices in the Chicago zone. Among the allegations in that suit are that managers, including Boggs, the Chicago zone manager who imposed the experience limitation on the Credit Analyst position sought by Thomas, made egregiously racist remarks during meetings related to those lending practices. The district court here allowed Thomas to depose Boggs, who appears to be the only person named in both suits, in regard to these allegations. The court refused to allow Thomas more time to conduct any further discovery.

Chrysler subsequently moved for summary judgment, which the district court granted. The court found that Thomas could not provide direct or circumstantial evidence of discrimination, and that she could not make out a *prima facie* case under the *McDonnell Douglas* indirect method of proving discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The court held that Thomas could not meet the *McDonnell Douglas* standard because she did not identify any similarly situated individual to whom Chrysler gave the promotion that it denied her. We review the district court's grant of summary judgment *de novo,* construing all facts in favor of the non-moving party. *See Commercial Underwriters Ins. Co. v. Aires Envtl. Servs. Ltd.,* 259 F.3d 792, 795 (7th Cir.2001).

■ Thomas has not satisfied her burden under the *McDonnell Douglas* indirect method of proof. As part of this standard, Thomas must identify at least one similarly situated worker who received preferential treatment. Thomas does point to a coworker who was promoted to Credit Analyst with no experience as a Customer Service Supervisor, but that coworker was promoted eight months after Thomas resigned from Chrysler, after the position of Customer Service had been abolished in the Chicago zone. By this time, according to evidence introduced by Chrysler, the supervisory experience required for pro-

motion to Credit Analyst had changed. Thomas has not contradicted this evidence, or otherwise pointed to any other similarly situated employee. Even if Thomas had made out her *prima facie* case, she has not demonstrated that the reason offered for not promoting her was a pretext. Chrysler presented affidavits from Boggs and the decisionmaker in the hiring process stating that Boggs imposed the experience limitation in order to promote candidates with significant management experience, and Thomas did not introduce any evidence to rebut those affidavits.

■ Thomas also challenges the district court's decision to reject her request for a third extension to carry out discovery. She asserts that additional discovery would allow her to prove her case under the direct method rather than *McDonnell Douglas*, as she would be able to prove, from additional depositions of parties in the other lawsuit against Chrysler, that Boggs made grossly prejudicial comments. She believes that the district court abused its discretion by granting summary judgment without allowing her to discover all the facts she needed to defend against the motion. Assuming that the affidavits would prove all that she contends they could, however, Thomas has not shown that the court abused its discretion, *see Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 629 (7th Cir.2004). Boggs' extraneous statements in an unrelated business meeting are not relevant to Thomas' action. Derogatory comments by a decisionmaker must be "both proximate and related to the employment decision in question." *Bahl v. Royal Indem. Co.*, 115 F.3d 1283, 1293 (7th Cir.1997). The evidence Thomas seeks would not be material as to the dispute at hand, and its absence is not prejudicial to her case.

AFFIRMED.